RICHARD K. GLAUSER, #4324
DOUGLAS C. SMITH, #10805
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121
Telephone: 801.562.5555
Facsimile: 801.562.5510
Richard.Glauser@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
*Attorneys for PEAK ACTIVITY, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CP COMMERCIAL HOLDINGS, LLC, a Utah limited liability company.,<br><br>Plaintiff,<br><br>PEAK ACTIVITY, LLC, a Delaware limited liability company.,<br><br>Defendant. | **MOTION TO DISMISS THE COMPLAINT AND COMPEL MEDIATION/ARBITRATION**<br><br>**Civil No. 2:23-cv-00202 TS**<br><br>Judge Ted Steward<br><br>Tier: III |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND COMPEL MEDIATION/ARBITRATION**

Peak Activity, LLC ("Peak") is seeking to dismiss this action and require mediation/arbitration under Fed. R. Civ. P. 12(b)(3) and 9 U.S.C. § 1 et seq. The reason for this motion is that CP Commercial Holdings, Inc. ("CP") and Peak have a valid and enforceable agreement that stipulates any disputes arising from the contract must be resolved through binding arbitration at the American Arbitration Association ("AAA"). Therefore, CP is prohibited by the agreement from pursuing the current matter in state or federal court.

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF THE ARGUMENT AND FACTUAL BACKGROUND ........................1

II. ARGUMENT AND AUTHORITIES ........................2

A. Motion To Dismiss And Compel Arbitration. ........................2

B. Arbitration ........................3

C. There Is A Valid Arbitration Provision. ........................4

D. The Claims Raised In This Action Fall Within The Arbitration Provision's Scope. ........................5

E. Section 11- Disputes ........................6

III. PRAYER FOR RELIEF ........................7

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Avedon Eng'g, Inc. v. Seatex*,
126 F.3d 1279 (10th Cir. 1997) ....................4

*Belnap v. Iasis Healthcare*,
844 F.3d 1272 (10th Cir. 2017) ....................3

*Bridge v. Nature's Sunshine Prods., Inc.*,
2022 U.S. Dist. LEXIS 36254 (D. Utah Mar. 1, 2022) ....................3

*Dish Network L.L.C. v. Ray*,
900 F.3d 1240 (10th Cir. 2018) ....................2

*DiTucci v. Ashby*,
2021 U.S. Dist. LEXIS 39247 (D. Utah Mar. 1, 2021) ....................4, 5

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)....................5

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
561 U.S. 287, 130 S. Ct. 2847 (2010)....................2

*Hardin v. First Cash Fin. Servs.*,
465 F.3d 470 (10th Cir. 2006) ....................4

*Love v. Overstock.com, Inc.*,
2022 U.S. Dist. LEXIS 144978 (D. Utah Aug. 12, 2022) ....................2

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................5

*NU Skin Enter. v. Raab*,
2022 U.S. Dist. LEXIS 106337 (D. Utah June 13, 2022)....................2

*Uptown Cheapskate, L.L.C. v. DDM Fashions, #1, L.L.C.*,
2022 U.S. Dist. LEXIS 181176 (D. Utah Oct. 3, 2022) ....................5, 6

**Statutes**

9 U.S.C. § 2 ........................................ 3

Federal Arbitration Act ........................................ 4, 5

**Court Rules**

Rule 7 ........................................ 2

Rule 12(b)(3) ........................................ 3

## I. SUMMARY OF THE ARGUMENT AND FACTUAL BACKGROUND

CP is a Utah limited liability company that owns multiple brands, including Vevano, LLC. Its primary business location is in Salt Lake County, Utah. Peak, on the other hand, is a global consultancy that offers expert leadership, skilled resources, and growth services to enhance eCommerce and technology outcomes in today's digital-first marketplace. It is a Delaware limited liability company with its primary business location in Palm Beach County, Florida.

On or around April 5, 2019, CP and Peak entered into a services agreement ("Agreement"), which regulates the provision and use of all services CP receives from Peak. A copy of the agreement is attached as Ex. 1. Section 11 of the Agreement titled **"DISPUTES"** governs the issue of the agreed-upon arbitration. Section 11 of the Agreement clearly provides that:

> Except for matter related to nonpayment of license/services fees, breach of confidentiality, or a party seeking injunctive relief under this Agreement, prior to either party commencing any legal action under this Agreement, the parties agree to try, in good faith, to settle this dispute amicably between themselves. Subject to Section 6, if a dispute arises from or relates to this contract or the breach thereof, and if the dispute cannot be settled through direct discussions, the parties agree to endeavor first to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration.[1]

The Agreement was signed by Manish Hirapara, the Chief Executive Officer of Peak, and Bradley Smith, the Chief Executive Officer of CP. Despite CP's lawyers' knowledge of the arbitration provision, CP filed the current action against Peak in the Third District Court in Salt Lake County, Utah, on or about February 24, 2024, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. CP served Peak's registered agent on February 27, 2023, in Delaware and February 28, 2023, in Florida. On or about

[1] Ex. 1 at Section 11.

March 27, 2023, Peak's counsel filed a notice of removal with the United States District Court, Central Division of Utah.

## II. ARGUMENT AND AUTHORITIES

### A. Motion To Dismiss And Compel Arbitration.

"At the motion to dismiss stage, the court accepts as true Petitioners' well-pleaded factual allegations and views them in the light most favorable to Petitioners."[2] "Plaintiffs have the burden of showing proper venue. As to arbitration, the Supreme Court has held that a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*."[3] "To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce.[4]

The Agreement clearly shows the parties intent to arbitrate any disputes relating to the Agreement. By including the American Arbitration Association Rules, the 10th Circuit holds "we conclude below that the parties showed clear and unmistakable evidence of their intention to delegate questions of arbitrability to the arbitrator."[5]

This is because Rule 7 of the American Arbitration Association's Commercial Arbitration Rules states "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to

[2] *NU Skin Enter. v. Raab*, 2022 U.S. Dist. LEXIS 106337, at *2 (D. Utah June 13, 2022).

[3] *Love v. Overstock.com, Inc.*, 2022 U.S. Dist. LEXIS 144978, at *4 (D. Utah Aug. 12, 2022) (internal quotations omitted).

[4] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297, 130 S. Ct. 2847, 2856 (2010).

[5] *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1245 (10th Cir. 2018).

the arbitrability of any claim or counterclaim."[6]

Thus, "a finding of clear and unmistakable intent to arbitrate arbitrability—which may be inferred from the parties' incorporation in their agreement of rules that make arbitrability subject to arbitration—obliges a court to decline to reach the merits."[7] Therefore, this Court should dismiss the matter under Rule 12(b)(3) and compel arbitration.

**B. Arbitration**

The Court should compel arbitration of all claims. "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable . . ."[8] "Therefore, a court must order arbitration as long as (1) the parties have agreed to arbitrate and (2) the dispute falls within the scope of the agreement."[9]

"Under Utah law, arbitration agreements must be contained in a written document setting forth the scope of the dispute to be arbitrated."[10] Section 11 of the agreement clearly indicates that arbitration must take place in lieu of litigation and therefore this Court should find that arbitration is appropriate.

---

[6] AAA Commercial R-7(a), available at https://adr.org/sites/default/files/Commercial%20Rules.pdf (last visited March 28, 2023).
[7] *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1290 (10th Cir. 2017).
[8] 9 U.S.C. § 2.
[9] *Bridge v. Nature's Sunshine Prods., Inc.*, 2022 U.S. Dist. LEXIS 36254, at *9 (D. Utah Mar. 1, 2022).
[10] *Id.* at *10-11 (internal quotations marks omitted).

**C. There Is A Valid Arbitration Provision.**

"Generally, courts should apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute."[11] "The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA [Federal Arbitration Act] can be invoked."[12] "To do that, the court looks to state law principles of contract formation to tell [it] whether an agreement to arbitrate has been reached."[13]

This litigation is unique in that the validity of the arbitration provision, or the Agreement is not in dispute. CP's complaint (Ex. 2) includes the following relevant provisions:

1. All contracts, agreements, and transactions at issue herein were negotiated, consummated, and made performable, at least in part, within the State of Utah.[14]
2. On or about April 5, 2019, Plaintiff and Defendant entered into a Services Agreement ("Agreement"), whereby Defendant would provide design, marketing, and e-commerce services to Plaintiff.[15]
3. However, Defendant is bound by the mediation/arbitration provision in Section 11 of the Agreement.[16]
4. The Agreement provides that the parties agreed to mediate then arbitrate disputes.[17]

---

[11] *Hardin v. First Cash Fin. Servs.*, 465 F.3d 470, 475 (10th Cir. 2006) (internal quotations omitted).
[12] *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997).
[13] *DiTucci v. Ashby*, 2021 U.S. Dist. LEXIS 39247, at *12 (D. Utah Mar. 1, 2021) (internal quotations omitted).
[14] Ex. 2 at ¶ 2.
[15] *Id.* at ¶ 10.
[16] *Id.* at ¶ 32.
[17] *Id.* at ¶ 45.

5. For a judgment and decree that, pursuant to the Agreement, Defendants must first mediate, then arbitrate any claims between the parties pursuant to the plain terms of the Agreement.[18]

While Peak does not stipulate to the accuracy of the allegations made in the complaint, it agrees that Section 11 of the Agreement necessitates mediation and arbitration. Therefore, since the arbitration provision of the Agreement is not contested, the Court should mandate mediation/arbitration in accordance with the language specified in Section 11 of the Agreement.

**D. The Claims Raised In This Action Fall Within The Arbitration Provision's Scope.**

"If the court decides that the agreement is valid, it must then determine whether the dispute falls within the scope of that agreement."[19] CP's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief are all related to the Agreement signed by CP and Peak and therefore fall within the scope of the arbitration agreement.

The Federal Arbitration Act "manifest[s] a liberal federal policy favoring arbitration agreements."[20] "Indeed, the Supreme Court has recognized the overriding federal policy favoring arbitration."[21] "Arbitration is a matter of contract and arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration."[22] "The FAA provides that arbitration agreements shall be valid,

---

[18] *Id.* at ¶ d.

[19] *DiTucci*, 2021 U.S. Dist. LEXIS 39247, at *13.

[20] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) *citing* *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[21] *Uptown Cheapskate, L.L.C. v. DDM Fashions, #1, L.L.C.*, 2022 U.S. Dist. LEXIS 181176, at *4 (D. Utah Oct. 3, 2022).

[22] *Id.*

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[23]

Concerning the scope of the claims that the parties agreed to submit to arbitration, the arbitration provision states:

**E. <u>Section 11- Disputes</u>**

Except for matter related to nonpayment of license/services fees, breach of confidentiality, or a party seeking injunctive relief under this Agreement, prior to either party commencing any legal action under this Agreement, the parties agree to try, in good faith, to settle this dispute amicably between themselves. Subject to Section 6, if a dispute arises from or relates to this contract or the breach thereof, and if the dispute cannot be settled through direct discussions, the parties agree to endeavor first to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration. Also subject to Section 6, the parties further agree that any unresolved controversy or claim arising out of or related to this contract, or breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with the Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Claims shall be heard by a single arbitration, unless the claim amount exceeds $1,000,000.00 USD, in which case the dispute shall be heard by a panel of three arbitrators. Within 15 days after the commencement of arbitration, each party shall select one person to act as arbitrator and the two selected shall select a third arbitrator within ten days of their appointment. If the arbitrators selected by the parties are unable or fail to agree upon the third arbitrator, the third arbitrator shall be selected by the American Arbitration Association. The arbitration shall be conducted in a location where both parties maintain an office for conducting business in the normal course, or if no such location exists, at a reasonable location in the United States pursuant to the rules of the American Arbitration Association. The arbitration shall be governed by the laws of the State of Utah. Hearings will take place pursuant to the standard procedure of the Commercial Arbitration Rules that contemplate in person hearings.

There is no doubt that the dispute submitted to the Court for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief all come within the scope of the arbitration provision of the Agreement. In reality, CP seeks as part of its prayer for relief,

---

[23] *Id.*

"d) For a judgment and decree that, pursuant to the Agreement, Defendants must first mediate, then arbitrate any claims between the parties pursuant to the plain terms of the Agreement."[24]

## III. PRAYER FOR RELIEF

Defendant Peak respectfully requests the Court dismiss this case and compel arbitration and for such other and further relief this Court deems just and proper.

DATED: March 29, 2023

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Douglas C. Smith
Richard K. Glauser
Douglas C. Smith
Attorneys for PEAK ACTIVITY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2023, I caused a true and correct copy of the foregoing **MOTION TO DISMISS THE COMPLAINT AND COMPEL MEDIATION/ARBITRATION** to be electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Z. Ryan Panke
Lydia A. Rytting
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
rpahnke@rqn.com
lrytting@rqn.com
Attorneys for Plaintiff

/s/ Belle Wade

---

[24] *See* Ex. 2 at Prayer for Relief